Ricardo CARDENAS, Plaintiff–
Appellant

v.

SAN ANTONIO POLICE DEPART-
MENT; Ruben Gonzales, Police Offi-
cer, Badge # 1429; FNU Santos, Po-
lice Officer; Abel Barrientez, Police
Officer; Arthur F. Lopez, Police Offi-
cer; Robert Martinez, Sergeant,
Badge # 3288; Jose Arzola, Police Of-
ficer, Badge # 1502; Jaime Martinez,
Police Officer, Badge # 0262; Joseph
Flores, Police Officer, Badge # 1563;
Richard Martinez, Police Officer,
Badge # 1221; Hector Gallardo, Po-
lice Officer, Badge # 1551, Defen-
dants–Appellees.

No. 10–50550
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 10, 2011.

Ricardo Cardenas, San Antonio, TX, pro
se.

Jack C. Pasqual, Sr., City Attorney's
Office, Mark Ralls, Hoblit Ferguson Dar-
ling, L.L.P., San Antonio, TX, for Defen-
dants–Appellees.

Before WIENER, PRADO, and OWEN,
Circuit Judges.

PER CURIAM: *

Plaintiff–Appellant Ricardo Cardenas
appeals from the district court's dismissal
of his civil rights claims, filed pursuant to
42 U.S.C. § 1983, and state law claims
against the defendants. The district court
granted the City of San Antonio's motion
to dismiss only as to the official-capacity
claims against the individual defendants
and granted the defendants' motions for
summary judgment as to the remaining
claims.

We review the grant of a motion for
summary judgment de novo. *Xtreme
Lashes, LLC v. Xtended Beauty, Inc.*, 576
F.3d 221, 226 (5th Cir.2009). Because the
defendants sought qualified immunity in
their motions for summary judgment, the
magistrate judge specifically notified
Cardenas, who was proceeding pro se at
the time, of his burden to rebut that de-
fense and present any necessary evidence
in support of his response. *See Gates v.
Texas Dep't of Protective and Regulatory
Servs.*, 537 F.3d 404, 419 (5th Cir.2008).
Cardenas did not present or reference any
evidence of a genuine issue of material fact
in his responses to the defendants' sum-
mary judgment motions.

On appeal, Cardenas challenges the dis-
trict court's grant of summary judgment
for the defendants as to his various claims.
Because he does not discuss his claim for
intentional infliction of emotional distress,
however, he has abandoned his challenge
to the denial of that claim. *See Yohey v.
Collins*, 985 F.2d 222, 224–25 (5th Cir.
1993).

The competent summary judgment evi-
dence presented by defendants in district
court support a determination of probable
cause for the defendant police officers to

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under

the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

stop and arrest Cardenas, which therefore precludes his claims for false arrest and false imprisonment. *See Club Retro, L.L.C. v. Hilton,* 568 F.3d 181, 204 (5th Cir.2009); *Wal–Mart Stores, Inc. v. Odem,* 929 S.W.2d 513, 519 (Tex.App.1996). That evidence also shows that the defendant police officers did not exert excessive force on Cardenas and did not commit battery against him. *See Hill v. Carroll County, Miss.,* 587 F.3d 230, 234 (5th Cir.2009); TEX. PENAL CODE ANN. § 9.51(a); *Baribeau v. Gustafson,* 107 S.W.3d 52, 60–61 (Tex. App.2003). Moreover, because the individual defendants did not inflict any constitutional harm on Cardenas, the district court properly granted summary judgment for the City of San Antonio. *See City of Los Angeles v. Heller,* 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986).

Accordingly, the judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.